UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JEFFERY S. SMITH**<br>**REG. # 344538** | : | **DOCKET NO. 23-cv-00138**<br>**SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **KEITH COOLEY, ET AL** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion for Preliminary Injunction and Temporary Restraining Order (doc. 3) filed by plaintiff Jeffery S. Smith. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

**I.**
**BACKGROUND**

Plaintiff's pending suit in this Court centers on allegations that his civil rights were violated as a result of a strip search that occurred at the Allen Correctional Center (ACC) on October 28, 2022. Doc. 1. Specifically, he takes issue with the fact that the strip search was humiliating, degrading and unnecessary, as the inmates had not traveled nor had contact with any persons outside of the security perimeter of the facility. *Id*. Moreover, he complains that the language used by the officers was vulgar. *Id*. He names as defendants Warden Keith Cooley, Colonel Bobby Young, and Secretary of the Louisiana Department of Public Safety and Corrections James M. Leblanc.

In this Motion for Preliminary Injunction and Temporary Restraining Order, plaintiff asks the Court to issue an order enjoining the defendants from using vulgarities when ordering inmates

to "buss their ass wide open" during strip searches and from conducting these strip searches as he claims he "has been and will continue to be irreparably injured by the conduct of the defendants" unless the court grant his motion.  Doc. 3.

## II.
## LAW & ANALYSIS

A litigant moving for a preliminary injunction or TRO must demonstrate each of the following: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) the injunction will not have an adverse effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell*, 248 F.3d 411, 418-20 (5th Cir.2001). "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable harm." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir.1976).

Plaintiff is unlikely to succeed on the merits of his claims.  The Fourth Amendment, which prohibits unreasonable searches, *Bell v. Wolfish*, 99 S. Ct. 1861 (1979), provides the standard for evaluating inmate claims of unconstitutional body searches. *Moore v. Carwell*, 168 F.3d 234, 237 (5th Cir.1999) (citing *Elliott v. Lynn*, 38 F.3d 188, 191 n.3 (5th Cir.1994); *United States v. Lilly*, 576 F.2d 1240 (5th Cir.1978)).  An inmate's Fourth Amendment protections, however, are greatly limited in the context of prison searches, with a prisoner's rights being diminished by the needs and exigencies of the institution in which he is incarcerated through a balancing test measured against the institution's legitimate penological concerns.  *Id*. at 236-37; *Elliott v. Lynn*, 38 F.3d 188, 190-91 (5th Cir. 1994) (citation omitted); *United States v. Lilly*, 576 F.2d 1240 (5th Cir.1978), abrogated on other grounds by *Hudson v. Palmer*, 104 S. Ct. 3194 (1984).

In *Bell v. Wolfish*, *supra*, the Supreme Court upheld a rule requiring pretrial detainees in federal correctional facilities "to expose their body cavities for visual inspection as a part of a strip search conducted after every contact visit with a person from outside the institution[s]," deferring to the judgment of correctional officials that the inspections served not only to discover but also to deter the smuggling of weapons, drugs, and other prohibited items. *Id*. at 1884. While noting that this holding did not condone all body cavity searches, the Court indicated that, in determining the reasonableness of a strip search, a court "must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Id*. Later, in *Florence v. Board of Chosen Freeholders of the County of Burlington*, 132 S. Ct. 1510 (2012), the Court upheld a jail's policy of strip searching new detainees who are held in the jail's general population area while their cases are being processed. *Id*. at 1523. The Court reiterated its long-held belief that corrections officials are due deference when trying to deal with the inherent difficulties of running a detention center including keeping contraband out of the jail. *Id*. at 1515.

A regulation impinging on an inmate's constitutional rights will be upheld if reasonably related to legitimate penological interests. *Turner v. Safley*, 107 S. Ct. 2254, 2261 (1987). "Ensuring security and order at the institution is a permissible nonpunitive objective, whether the facility houses pretrial detainees, convicted inmates, or both." *Bell*, 99 S.Ct. at 1886. "Strip searches, including visual cavity searches, on convicted prisoners do not require probable cause or reasonable suspicion." *Scheidel v. Garner,* No. 12-1815, 2013 U.S. Dist. LEXIS 100129, 2013 WL 3778917, at *1 (W.D. La. July 17, 2013) (citing *Bell*, 441 U.S. at 558-59), aff'd in part, vacated in part on other grounds sub nom. *Scheidel v. Sec'y of Pub. Safety & Corr.*, 561 F. App'x 426 (5th Cir. 2014). Thus, in the prison context, the Fourth Amendment requires only that such searches

be reasonable under all the facts and circumstances in which they are performed.  *Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 368 (5th Cir. 2017) (citations omitted).

There is no mechanical way to determine whether intrusions into an inmate's privacy are reasonable, and the need for a particular search must be balanced against the resulting invasion of personal rights that the search entails.  *Florence*, 132 S. Ct. at 1515-17.  To assess reasonableness, the court must consider the scope of the particular intrusion, the manner in which it was conducted, the justification for initiating it, and the place in which it is conducted."  *Bell*, 99 S.Ct. at 1884.  As the Fifth Circuit explained:

> Under appropriate circumstances, . . . visual body cavity searches of prisoners can be constitutionally acceptable. We have considered factors such as whether the search was performed by guards of the opposite sex; whether it occurred in public or private; and whether it was unreasonably lengthy.

*Parker v. Woods*, 834 F. App'x 92, 95-96 (5th Cir. 2020) (footnotes, citation and quotation marks omitted); see also *Elliott*, 38 F.3d at 188 (holding visual body cavity searches conducted in the view of others may be reasonable if there were exigent circumstances ); *Carwell*, 168 F.3d at 234 (holding female guard's non-exigent cavity search of a male inmate may violate the Fourth Amendment); *Oliver v. Scott*, 276 F.3d 736, 745 n.13 (5th Cir. 2002) (recognizing that prisoners have a right to bodily privacy that provides limitations on the manner in which searches may be carried out) (citations omitted).

The Fifth Circuit thus interprets this reasonableness standard as striking a balance in favor of deference to prison authorities' views on institutional safety against the admittedly legitimate claims of inmates not to be searched in a humiliating and degrading manner.  *Elliott*, 38 F.3d at 193; see also *Marzett v. Brown,* No. 11-2264, 2012 U.S. Dist. LEXIS 140199, 2012 WL 4482941, at *4 (E.D. La. Sept. 28, 2012) (holding as a matter of law that strip search of returning prisoner

was not unreasonable where conducted to ensure safety and absence of contraband rather than for officials' entertainment or at their whim); *Grant v. Wisener*, No. 11-372, 2013 U.S. Dist. LEXIS 40765, 2013 WL 1196090, at *3 (E.D. Tex. Mar. 22, 2013) (holding that strip search as part of comprehensive search measures after finding drugs in facility is not unreasonable) (*citing Hudson v. Palmer*, 104 S. Ct. 3194 (1984) ("deterring the possession of contraband depends in part on the ability to conduct searches without predictable exceptions" and that "to advocate that prison searches must be conducted only pursuant to an enunciated general policy or when suspicion is directed at a particular inmate is to ignore the realities of prison operation."), aff'd sub nom. *Grant v. Taliaferro*, 594 F. App'x 278 (5th Cir. 2015); *Jones v. King*, No. 13-511, 2014 WL 7357842, at *6 (S.D. Miss. Sept. 23, 2014) (noting that strip searches for contraband are essential to ensure the safety of the facility, other prisoners and officers), R.&R. adopted, No. 13-511, 2014 WL 7358029 (S.D. Miss. Dec. 23, 2014).  The burden of proving the reasonableness of a search is a light one because an administrator's decisions and actions in the prison context are entitled to great deference.  *Elliott*, 38 F.3d at 191; *Lilly*, 576 F.2d at 1245.

In light of the above authority, the first factor to be considered upon a motion for preliminary injunction weighs against Smith.  The remaining factors also weigh against the injunction.  The suspension of random searches could expose prisoners, corrections personnel, and the public to risk from the inherently dangerous inmates incarcerated at ACC.  See *Crump v. Curtis*, 50 F. App'x 217 (6th Cir. 2002).

### III.
#### CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that the Motion for Preliminary Injunction and Temporary Restraining Order (doc. 3) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 8th day of February, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE