UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JEFFERY SANCHEZ SMITH** | : | **DOCKET NO. 2:23-cv-00138** |
| **D.O.C. # 344538** | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **KEITH COOLEY, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a Motion to Dismiss filed by defendants Keith Cooley and Bobby Young. Doc. 24. This motion comes in response to a *pro se* civil rights complaint filed by Jeffery Sanchez Smith ("Smith/Plaintiff"). Plaintiff filed an opposition to the defendants' motion. Doc. 29. The motion is now ripe for review. For the reasons below, we recommend that the Motion to Dismiss be **GRANTED**.

### I.
#### BACKGROUND

Plaintiff's suit centers on allegations that his civil rights were violated as a result of a strip search that occurred at the Allen Correctional Center on October 28, 2022. Doc. 1. Specifically, he takes issue with the fact that the strip search was humiliating, degrading and unnecessary, as the inmates had neither traveled nor had contact with any persons outside of the security perimeter of the facility. *Id*. Moreover, he complains that the language used by the officers is vulgar. *Id*. In his Amended Complaint, plaintiff confirmed that the search was visual only and took place in the bathroom. Doc. 11, p. 2-3.

He named as defendants Warden Keith Cooley, Colonel Bobby Young, and Secretary of the Louisiana Department of Public Safety and Corrections, James M. Leblanc. On July 14, 2023, Leblanc was dismissed (doc. 20) and the suit was served upon Cooley and Young (doc. 17).

Defendants Cooley and Young filed the instant Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## II.
### LEGAL STANDARDS

#### A. *Federal Rule of Civil Procedure 12(b)(1)*

A motion to dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1), may be treated as either a facial or factual challenge to the court's jurisdiction. *Williamson v. Tucker,* 645 F.2d 404, 412-13 (5th Cir. 1981) *cert. denied*, 102 S.Ct. 396 (1981). Facial attacks, which question the sufficiency of the pleadings, require the court to consider the allegations in the complaint as true. *See Spector v. L Q Motor Inns, Inc.,* 517 F.2d 278, 281 (5th Cir. 1975). During factual challenges to subject matter jurisdiction, courts are allowed to look outside of the pleadings and no presumptive truthfulness attaches to the allegations in the complaint. *Williamson*, 645 F.2d at 413 (*citing Mortensen v. First Federal Savings and Loan Association*, 549 F.2d 844, 891 (3rd Cir. 1977)).

The district court has the ability to dismiss a complaint for lack of subject matter jurisdiction based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson*, 645 F.2d at 413. If dismissal is sought for a jurisdictional defect that centers upon the lack of congressional waiver of the government's sovereign immunity, resolution is never appropriate byway of summary judgment, but must be

resolved by way of a motion to dismiss for lack of subject matter jurisdiction. *Stanley v. Central Intelligence Agency*, 639 F.2d 1146, 1156-57 (5th Cir. 1981).

### B. *Federal Rule of Civil Procedure 12(b)(6)*

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is appropriate when a defendant attacks the Complaint because it fails to state a legally cognizable claim. *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1973-74 (2007). A plaintiff satisfies this standard when he "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gulf Coast Hotel-Motel Ass'n v. Miss. Gulf Coast Golf Course Ass'n,* 658 F.3d 500, 504 (5th Cir. 2011), *quoting, Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Usually, in considering a motion to dismiss pursuant to Rule12(b)(6), a district court must limit itself to the face of the Complaint including attachments thereto. However, applicable jurisprudence establishes exceptions to this restriction wherein the Court may take judicial notice of documents or information which constitute matters of public record when considering a Rule 12(b)(6) motion to dismiss. *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994); *Haygood v. Begue*, 2014 WL1320152 at 1 (W.D. La. March 31, 2014).

## III.
### ANALYSIS

### A. *Eleventh Amendment Immunity*

In the Complaint, plaintiff specifically states that defendants are sued individually and in their official capacity. Under the Eleventh Amendment of the United States Constitution, a non-consenting state is immune from any lawsuit seeking monetary damages or equitable relief brought in federal courts by her own citizens or by the citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974) Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for the deprivation of civil rights under

§1983. *Quern v. Jordan*, 440 U.S. 332, 345 (1979). The Eleventh Amendment grants a state, or "arm of the state," sovereign immunity from a suit against it in federal court. *Vogt. Bd. Of Comm'rs of Orleans Levee Dist.*, 294 F.3d 684, 688-89 (5th Cir. 2002) (citing *Regents of the Uni. Of Cal v. Doe*, 519 U.S. 425, 429 (1997)). To the extent that plaintiff is seeking monetary damages against the defendants in their official capacities, such claims are barred by the Eleventh Amendment and should be dismissed. Neither a State, nor its officials acting in their official capacities, are "persons" under § 1983. *Will v. Michigan Dept. of State Police*, 109 S.Ct. 2304 (1989).

Plaintiff has failed to state a claim under §1983 against defendants in their official capacities, and to the extent plaintiff seeks monetary relief from the defendants in their official capacities, all such claims are barred by the Eleventh Amendment and should be dismissed for lack of subject matter jurisdiction.

### B. Fourth Amendment Violation

The defendants argue, and the Court agrees, that the strip search at issue was not unreasonable or unconstitutional.

"Strip and body cavity searches are 'searches' of 'persons' under the meaning of the Fourth Amendment" and as such, must be reasonable. *Henry v. Hulett,* 969 F.3d 769, 776 (7th Cir. 2020); *Bell v. Wolfish*, 99 S. Ct. 1861, 1885 (1979). There is no explicit definition used to determine when a search is reasonable or unreasonable; instead, each case "requires a balancing of the need for the particular search against the invasion of personal rights that the search entails," which requires an examination of "the scope of the particular intrusion, the manner in which it was conducted, the justification for initiating it, and the place in which it was conducted." *Id*. at 1884. Although a search under the Fourth Amendment must be reasonable, Fifth Circuit jurisprudence is clear that "reasonableness" in the prison context is analyzed using a different standard. Because

of the exaggerated safety concerns in prisons, "[c]ourts ordinarily should defer to prison officials, if a policy is reasonably related to legitimate security objectives and there is no substantial evidence to indicate that prison officials have exaggerated their response to security considerations." *Parker v. Woods*, 834 F. App'x 92, 95 (5th Cir. 2020). Therefore, because of the great deference afforded to prisons, the "burden of proving reasonableness [in the prison context] is a light burden." *Elliot v. Lynn*, 38 F.3d 188, 191 (5th Cir. 1994). Moreover, "[w]hen evaluating the security policies adopted by prison administrators, the court is not required to apply a least restrictive means test." *Id*.

In evaluating a prisoner's claim for an unconstitutional search, the court must first look to whether the prison had a legitimate need to perform the search. *Bell v. Wolfish*, 99 S. Ct. 1861 (1979). Courts have said that "[a] detention facility is a unique place fraught with serious dangers. Smuggling of money, drugs, weapons, and other contraband is all too common an occurrence." *Id*. at 1884. Accordingly, courts have explained that "[c]ontrolling the flow of contraband and ensuring institutional security are legitimate penological objectives." *Lewis v. Sec'y of Pub. Safety & Corr*., 870 F.3d 365, 368 (5th Cir. 2017).

The defendants in this matter assert that the prison had a legitimate need to perform the search. There was a graduation ceremony with visitors from the general public. Although plaintiff states that he and another inmate were separated from the visitors, the defendants explain that controlling the flow of contraband and ensuring institutional security was the main objectives of the prison on that day and that it was reasonable to search any inmate who attended or participated in the ceremony, to prevent any contraband from making it into the cell blocks. *See* doc. 24, att. 1, p. 6.

Moreover, the Court concurs with defendants' argument that while plaintiff may contest the manner in which it was conducted, no constitutional rights are violated by a guard using vulgar language. Claims of verbal abuse are not actionable under § 1983. *See Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997)(verbal abuse or harassment by a prison guard does not amount to an Eighth Amendment violation, *citing Bender v. Brumley*, 1 F.3d 271, 274 n. 4 (5th Cir.1993)); *see also Adkins v. Rodriguez*, 59 F.3d 1034 (10th Cir.1995) (verbal sexual harassment by jailer, while outrageous and unacceptable, did not amount to a violation of the inmate's Eighth Amendment rights). Moreover, the search did not take place in the presence of the visitors, as the defendants clarified that the inmates were escorted to a bathroom to give them some form of privacy. *See* doc. 24, att. 1, p. 7. As such, the plaintiff's Complaint fails to state a claim for a violation of his Fourth Amendment Rights and should be dismissed.

### C. *Physical Injury Requirement*

To the extent that plaintiff seeks relief from the defendants in their individual capacity in the form of compensatory damages, he is not entitled to such recovery under 42 U.S.C. § 1983 because he has not alleged a physical injury. The Prison Litigation Reform Act ("PLRA") provides, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The application of this provision turns on the relief sought by a prisoner, and it prevents prisoners from seeking compensatory damages for violations of federal law where no physical injury is alleged. *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005) (per curium). Plaintiff has not adequately set forth allegations to show that he is entitled to compensatory damages under the PLRA. While he alleges that he was made to undergo a strip search and is emotionally harmed and suffering, there are no actual allegations of physical

injury to plaintiff by either defendant. As such, the allegations in his complaint are insufficient to establish the existence of a qualifying physical injury.

## IV.
### RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that the defendants' Motion to Dismiss (doc. 24) be **GRANTED** and this matter be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 11th day of December, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE